TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-24-4256-TUC-RM-JR |
|---|---|
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| Alejandro Varela, Jr., | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.     The matter is set for sentencing on September 10, 2025.

2.     In late 2021, the Department of Homeland Security Investigations (HSI) opened an investigation into the defendant, a Tucson resident, for alleged firearms smuggling after receiving information that he was purchasing firearms after receiving cash deposits in his bank account. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was also investigating the defendant for firearm violations. Law enforcement agents received ATF Forms 4473 for the known purchases of firearms by the defendant within the statute of limitations and determined he purchased 21 firearms from two different federally licensed firearms dealers (FFLs) between on or about July 22, 2019, and on or about March 3, 2019. It should be noted that there were actually 31 firearms known to have been purchased by the defendant for over $50,000, but ten of those purchases fell outside the statute of limitations. During the charged timeframe, the defendant listed a Tucker Street

address as his residence address when he was actually living in Mexico and had not resided at the Tucker Street residence since April 2019. Law enforcement agents confirmed this via interviews of the residents who actually resided at the Tucker Street address at the time and stated that the defendant did not live there, and they did not know who he was. The defendant also has never had a license to engage in the business of dealing firearms, as required by federal law.

3.      Law enforcement agents interviewed the defendant as part of gun trafficking investigation on March 3, 2022. The defendant told agents he sold all the firearms after purchasing them between the first purchase and his interview, and that none of the firearms were in his possession. In this interview, the defendant stated that he intentionally sold firearms and confirmed to the agents that he did not have a license to sell firearms. Further, the defendant told agents he viewed the purchase and sale of firearms as an investment opportunity, as he only purchased and sold firearms that were collection-type firearms. The defendant confirmed that he did not live at the Tucker Street address, although he initially tried to tell agents he did live there (he only admitted after being confronted by the agents), and he confirmed he did not have a license to sell firearms. He admitted he did not run background checks on the buyers of his firearms and never intended to keep any of the firearms he purchased from the FFLs. Finally, he estimated to agents that he made $20,000-25,000 on the sale of all the guns he'd purchased.

4.      On July 10, 2024, a Tucson federal grand jury indicted the defendant on 25 counts of dealing firearms without a license and providing a false address in connection with the purchase of firearms. On May 1, 2025, the defendant pled guilty to the dealing firearms count pursuant to a written plea agreement that provides a range of time served to the low end of his guideline sentencing range.

5.      The government has reviewed the probation department's presentence investigation report (PSR). The government agrees with the probation department that the defendant's guideline sentencing range is 12-18 months, based on a total offense level 13 and criminal history category I. The PSR correctly states that the sentencing range under the

plea agreement is a period of time served to 12 months of incarceration, and the probation department recommends the maximum under the plea agreement, which is eight months of incarceration.

5.    18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. §3553(a)(6).

6.    Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to a period between 6-12 months of incarceration. The government will further explain its position at the sentencing hearing, currently set for September 10, 2025.

Respectfully submitted this 3rd day of September, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 3rd day of September, 2025, to:

Jose A. Montano, Esq.
Counsel for defendant